UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION



FILED
JUL 0 9 2009

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| MARLON DALE SUN BEAR | \* | CIV 08-3021 |
| | \* | CR 01-30051 |
| Petitioner, | \* | |
| | \* | |
| -vs- | \* | OPINION AND ORDER |
| | \* | |
| UNITED STATES OF AMERICA, | \* | |
| | \* | |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner pleaded guilty to second degree murder and was sentenced on January 7, 2002, to 360 months custody. His adjusted offense level was increased from level 35 to level 37 pursuant to the career offender enhancement, § 4B1.1(A) (2000). Petitioner was already in Criminal History Category VI. Therefore, no additional criminal history enhancement was applied as a result of the career offender enhancement. In addition, the Court upwardly departed to an adjusted offense level of 40 based upon his extensive criminal record, including violent offenses. After the adjustment for acceptance of responsibility (which was granted despite having received an adjustment for obstruction of justice), petitioner's total offense level was 37, resulting in a guideline range of 360 months to life. Without the career offender enhancement, the total offense level was 32. With a three level upward departure, the total offense level would have been 35, resulting in a guideline range of 292 - 365 months.

Petitioner appealed his conviction and sentence and the United States Court of Appeals for the Eighth Circuit affirmed on October 17, 2002. Certiorari was denied by the United States Supreme Court on June 9, 2003.

Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255. I have conducted an initial review of the motion pursuant to Rule 4 of the Rules Governing § 2255 Proceedings.

On April 24, 1996, the United States Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132. That statute amended 28 U.S.C. § 2255 as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's conviction became final over five years prior to the filing of his motion to vacate. He claims he has timely raised his claims by bringing them within a year of the United States Supreme Court's opinion in Begay v. United States, 553 U.S. ___, 128 S.Ct. 1581, 170 L.Ed.2d 490 (April 16, 2008).

Petitioner's sentence was enhanced pursuant to the career offender enhancement, § 4B1.1, based upon a 1995 Nebraska conviction for attempted escape, a 1997 Utah conviction for attempted theft of an operable vehicle, and a 1995 Nebraska conviction for attempted burglary of commercial property. Only two prior felony crime of violence convictions were required to apply the enhancement.

The United States Supreme Court held in Begay that the New Mexico felony offense of driving under the influence of alcohol is not a "violent felony" within the meaning of 18 U.S.C. § 924(e)(1), which statute imposes a mandatory minimum 15 year prison term upon felons who unlawfully possess a firearm after having three or more convictions for drug offenses or violent felonies. The Supreme Court held that, although drunk driving "is an extremely dangerous crime," it does not fall within the definition of a violent felony found in 18 U.S.C.

2

§ 924(e)(2)(B).[1]  Begay v. United States, 128 S.Ct. at 1584. Driving under the influence, the Supreme Court held, "is simply too unlike the provision's listed examples for us to believe that Congress intended the provision to cover it." Id.

> In our view, the provision's listed examples-burglary, arson, extortion, or crimes involving the use of explosives-illustrate the kinds of crimes that fall within the statute's scope. Their presence indicates that the statute covers only similar crimes, rather than every crime that "presents a serious potential risk of physical injury to another."

Begay v. United States, 128 S.Ct. at 1584-85.

> In our view, DUI differs from the example crimes-burglary, arson, extortion, and crimes involving the use of explosives-in at least one pertinent, and important, respect. The listed crimes all typically involve purposeful, "violent," and "aggressive" conduct. That conduct is such that it makes more likely that an offender, later possessing a gun, will use that gun deliberately to harm a victim. Crimes committed in such a purposeful, violent, and aggressive manner are "potentially more dangerous when firearms are involved." And such crimes are "characteristic of the armed career criminal, the eponym of the statute."
>
> By way of contrast, statutes that forbid driving under the influence, such as the statute before us, typically do not insist on purposeful, violent, and aggressive conduct; rather, they are, or are most nearly comparable to, crimes that impose strict liability, criminalizing conduct in respect to which the offender need not have had any criminal intent at all.

Id. at 1586-1587 (internal citations omitted).

The United States Court of Appeals for the Eighth Circuit held in United States v. Williams, 537 F.3d 969, 971 (8th Cir. August 11, 2008), that there is no distinction between the term "crime of violence" as used in the Federal Sentencing Guidelines and the term "violent

---

[1]The Act defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that
(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

3

felony" as used in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B). The Eighth Circuit held that the United States Supreme Court's opinion in Begay requires it to disregard the decision entered in United States v. Sun Bear, 307 F.3d 747 (8th Cir. 2002) (which is the case herein). United States v. Williams, 537 F.3d at 971. The Eighth Circuit set forth the new rule to be applied in determining whether the defendant's prior convictions qualify as predicate offenses for the purposes of the Guidelines career offender enhancement:

> Begay held that for a crime to fall within the "otherwise" clause it must pose a similar degree of risk of physical injury as the example crimes and be similar in kind to the example crimes. Therefore, even if a crime presents the same degree of risk of physical injury as the example crimes, it is not covered by the "otherwise" clause unless it is also similar in kind to the example crimes. For a crime to be similar in kind to the example crimes, it should typically involve "purposeful, violent, and aggressive conduct." . . . To determine whether [an offense] is similar in kind to the example crimes, we consider whether [the crime] involves conduct that is similarly "purposeful, violent, and aggressive" when compared to the conduct involved in [the crime's] closest analogue among the example crimes.

United States v. Williams, 537 F.3d at 971 (internal citations omitted).

Petitioner contends that his predicate convictions do not qualify as crimes of violence under Begay, thus entitling him to relief under § 2255.[2] However, petitioner's motion to vacate

---

[2] Since Begay, the Eighth Circuit has held that attempted burglary is a violent felony. United States v. Wilson, 2009 WL 1150377 at 1 (8th Cir. April 30, 2009). However, the Missouri offenses of auto theft by deception, auto theft without consent, and auto tampering are not crimes of violence, United States v. Williams, *supra*, nor is operating a vehicle without the owner's consent, United States v. Murueta-Espinosa, 2009 WL 1035159 (8th Cir. April 20, 2009), endangering the welfare of a child, United States v. Wilson, 562 F.3d 965, 968 (8th Cir. April 20, 2009), the Minnesota offense of auto theft, United States v. Aleman, 548 F.3d 1158, 1167-68 (8th Cir. December 8, 2008), the Wisconsin offense of taking and driving a vehicle without consent, United States v. Rush, 551 F.3d 749, 751 (8th Cir. December 24, 2008), or the Iowa offense of operating a vehicle without the owner's consent, United States v. Foglesong, 314 Fed. Appx 904 (8th Cir. December 2, 2008). The United States Supreme Court held in Chambers v. United States, ___ U.S. ___, 129 S.Ct. 687, 693, 172 L.Ed.2d 484 (2009), that an escape conviction for failure to return was not a violent felony. Subsequently, the Eighth Circuit held in United States v. Pearson, 553 F.3d 1183, 1186 (8th Cir. January 30, 2009), that escape from custody is a career-offender-qualifying crime while failure to return or report to custody is a non-qualifying crime.

4

is not timely unless Begay asserts a right that "was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Supreme Court has not made Begay retroactively applicable to cases on collateral review. Absent a declaration of retroactivity by the Supreme Court, this Court must determine whether Begay extends the period of limitations set forth in § 2255 by applying the test explained in Teague v. Lane, 489 U.S. 288, 305-10, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

Under the Supreme Court's retroactivity analysis as set forth in Teague v. Lane, federal habeas corpus petitioners may not avail themselves of new rules of criminal procedure, with two narrow exceptions. The first exception is "that a new rule should be applied retroactively if it places 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe.'" Teague v. Lane, 489 U.S. at 311, 109 S.Ct. 1060, 1075. That exception is not relevant in the context of Begay. The second exception is "that a new rule should be applied retroactively if it requires the observance of those procedures that . . . are implicit in the concept of ordered liberty." Teague v. Lane, 489 U.S. at 311, 109 S.Ct. at 1076. The Supreme Court described such rules in Schriro v. Summerlin, 542 U.S. 348, 352, 124 S.Ct. 2519, 2523, 159 L.Ed.2d 442 (2004), as "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." The Teague court noted that "such procedures would be so central to an accurate determination of innocence or guilt, we believe it unlikely that many such components of basic due process have yet to emerge." Teague v. Lane, 489 U.S. at 313, 109 S.Ct. at 1077.

The rule announced in Begay, setting forth the test for determining whether a predicate offense qualifies as a violent felony and, by extension, whether it qualifies as a crime of violence, does not qualify as a rule "so central to an accurate determination of innocence or guilt." Indeed, at the time of petitioner's sentencing, guilt had already been established.

Petitioner contends that Teague is inapplicable because the rule announced in Begay is a new substantive rule of criminal law. The Supreme Court set forth in Schriro:

> New substantive rules generally apply retroactively. This includes decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular

5

conduct or persons covered by the statute beyond the State's power to punish. Such rules apply retroactively because they "necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal'" or faces a punishment that the law cannot impose upon him.

Schriro v. Summerlin, 542 U.S. at 351-52, 124 S.Ct. at 2522-23 (internal citations omitted).

Begay is not a new substantive rule of law as it applies to this case. Begay, as applied to this case, is a rule of interpretation for determining the application of a sentencing enhancement under the Federal Sentencing Guidelines. Rules for the calculation of a defendant's sentence are not substantive changes in the law which are retroactive. United States v. Giggey, 551 F.3d 27, 36 n. 3 (1st Cir. 2008). Begay is not a 'watershed' change in the law any more than was United States v. Booker, which the Eighth Circuit has held to be non-retroactive. Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005). *Accord*, United States v. Campbell, 2009 WL 1254287 at 1 (D.S.C. May 1, 2009), and United States v. Narvaez, 2009 WL 1505658 at 2 (W.D. Wis. May 26, 2009). *But see* United States v. Radabaugh, 2009 WL 565065 at 5 (N.D. OK March 5, 2009) ("The Court finds that Begay announced a new substantive rule, rather than a procedural rule, because Begay limits the authority of a court to increase a defendant's punishment for certain types of conduct.")

Petitioner further contends that his motion to vacate is timely under 28 U.S.C. § 2255(f)(4) because his motion was filed within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner contends that the "fact" that his prior convictions were not "violent felonies" became known to petitioner as a result of the Supreme Court's opinion in Begay. I reject this contention.

Begay does not operate to vacate petitioner's prior predicate offenses. "Facts supporting the claim or claims presented," as set forth in the test of § 2255(f)(4), that do not even exist at the time of the conviction and "may have no significance under federal law for years to come" "cannot by themselves be the basis of a § 2255 claim." Johnson v. United States, 544 U.S. 295, 305, 125 S.Ct. 1571, 1579 (2005). The so-called "fact" upon which petitioner relies is a subsequent interpretation of the law as it applied to his sentence. Subsequent interpretations of the law can be the basis of delay in filing a § 2255 motion only in accordance with § 2255(f)(3).

It plainly appears from the face of the motion that the petitioner is not entitled to relief. Summary dismissal is therefore appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Based upon the foregoing,

IT IS ORDERED that the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is denied.

Dated this 8th day of July, 2009.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Barbara Woeppel*
DEPUTY
(SEAL)